**IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF NEW YORK**
**( US District Court, Northern District of New York, James T. Foley U.S. Courthouse, Suite 509, 445 Broadway, Albany, NY 12207)**

U.S. DISTRICT COURT - N.D. OF N.Y.
FILED
JAN 08 2024
AT ____ O'CLOCK ____
John M. Domurad, Clerk - Albany

Ronald Satish Emrit, )
Plaintiff (Pro Se) )
v. )
Sean "P. Diddy" Combs, )
Bad BOy Entertainment, & )
Atlantic Records )
Defendant )

C. A. No.: 1:24-CV-28 GTS/CFH

**********************************************************************

## COMPLAINT

COMES NOW, the plaintiff Ronald Satish Emrit, who is bringing forth this complaint against the three co-defendants Sean "P. Diddy" Combs, Bad Boy Entertainment, and Atlantic Records seeking $45 million dollars in punitive, compensatory, and treble damages as joint and several liability whereby the defendants seek contribution and indemnity from each other perhaps through the filing of cross-claims. In bringing forth this complaint, the plaintiff states, avers, and alleges the following

## I.) NATURE OF THE CASE

1.) The plaintiff is arguing that the defendants have become a public nuisance after the filing of a lawsuit by Cassandra Ventura professionally known as

(p/k/a) "Cassie" who was signed to Bad Boy Entertainment on or around 2005.

2.) Furthermore, the plaintiff is arguing that the defendants have committed the tortious interference with business relations with the plaintiff's music career and other artists such as "Cassie," Christopher Williams, Al B. Sure!, Usher Raymond, ad 50 Cent

3.) In addition, the plaintiff is arguing that the three co-defendants have committed the commercial tort of products liability in the form of a manufacturing defect or design defect in which there is a standard of strict liability and/or negligence applied to the defective products placed in the international stream of commerce through ordinary channels of distribution.

4.) Finally, the plaintiff is arguing that the statute of limitations should be equitably tolled given the egregious nature of the claims against Sean "P. Diddy" Claims filed by multiple brave women under the Adult Survivors Act in New York state.

## II.) PARTIES TO THIS LITIGATION

5.) The first plaintiff is an indigent, disabled, and unemployed resident of the state of Florida and Maryland (the plaintiff spends half of the year in Florida and the other half in Maryland traveling with his father who is a widely-recognized musician in several states on the Atlantic coast). His current mailing address is 6655 38th Lane East, Sarasota, Florida 34243. His cell phone number is currently (703)936-3043 and his primary email address is einsteinrockstar2@outlook.com.

12.) The first defendant is Sean "P. Diddy" Combs.

13.) The second defendant is Bad Boy Entertainment, i.e. a subsidiary and/or joint venture of the third defendant.

13.) The third defendant is d/b/a Atlantic Records which is a subsidiary of Warner Music Group (WMG) as part of the Warner/Elektra/Atlantic

conglomerate which the plaintiff sued in the Middle District of Tennessee presided over by Judge Aleta Trauger.

## III.) JURISDICTION AND VENUE

14.) According to Federal Rules of Civil Procedure 8(a)(1), Plaintiff is required to provide "a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;"

15.) Pursuant to 28 U.S.C.A. Section 1332, the U.S. District Court for the District of Northern Florida (as an Article III court) has jurisdiction over this matter given that there is a rebuttable presumption that there is complete diversity of jurisdiction between the Plaintiff and the defendant given that the principal place of business (ppb) and/or nerve center of Morgan & Morgan is not in Florida. In other words, the plaintiffs argue that the Florida-based offices of Morgan & Morgan are not their "corporate headquarters" and therefore diversity of jurisdiction is determined from their corporate headquarters and not their satellite offices in Florida.

16.) As an Article III court, the U.S. District Court for the District of Northern Florida also has subject matter jurisdiction over the present case at bar because this proceeding involves a discussion of Title VII of the Civil Rights Act of 1964, Americans with Disabilities Act of 1990, Equal Protection Clause, Due Process Clause, Fourth Amendment, and Privileges and Immunities Clause.

17.) Therefore, a federal question is presented by the implication of the black-letter law of the aforementioned federal statutes in addition to the discussion of Constitutional Law provisions.

18.) Venue in this jurisdiction is also proper pursuant to 28 U.S.C.A. Sections 1391 and 1400.

19.) The federal courts have jurisdiction also because the amount in controversy does exceeds $75,000 (i.e. $45,000,000 is substantially more than $75.000), this court has jurisdiction on the grounds of diversity and a federal question presented.

## IV.) STATEMENT OF FACTS

20.) The plaintiff has only been in the presence of the first defendant Sean "P. Diddy" Combs once in 2005 at Gotham Hall in New York City when he stayed at Amsterdam Hotel and was sent there by his publicist Tamille Hawkins of Washington, DC chapter of The Grammys/Recording Academy.

21.) The plaintiff previously filed a lawsuit against Atlantic Records in 2013 in U.S. District Court of Rhode Island presided over by Chief Judge Mary Lisi and Magistrate Judge Lincoln D. Almond.

22.) Accordingly, the plaintiff filed a lawsuit against Atlantic Records in 2013 for the tort of negligence arguing that Atlantic Records had the duty to know that Richard Shaw of Annapolis Talent Agency was fraudulently claiming to be connected to their co-founder Ahmet Ertegun of Turkey.

23.) To clarify, the plaintiff explained that Richard Shaw and his business partner Anthony Wayne Sterago of Lucky Hits Records of Annapolis were both claiming to know Ahmet Ertegun of Atlantic Records and perhaps his nephew Aziz Goksel.

24.) The plaintiff actually met the co-founder Ahmet Ertegun at The Grammy Awards back in 2006 when the plaintiff was with his publicist Tamille Hawkins at Los Angeles Convention Center across the street from The Staples Center at 1111 Figueroa Avenue.

25.) Later on that year in 2006, the plaintiff wrote a letter to Atlantic Records and Ahmet Ertegun and explained in the letter that Richard Shaw and Wayne Sterago claimed that they were business partners of both Ahmet Ertegun and Vincent Cirrincione, i.e. Halle Berry's manager and perhaps Ken Hertz, i.e. the lawyer for Will Smith who also knew Jada Pinkett-Smith of the law firm of Hertz, Lichtenstein, and Goldring.

26.) The co-founder Ahmet Ertegun placed a phone call to the house of the plaintiff in Bowie, Maryland at the same number now of (301)262-8910 and explained that he (Ahmet Ertegun) did not know either Richard Shaw or Wayne Sterago but that he had my demo CD of "La Reina Cubana" and he would let his agents and repertoires listen to the song and decide if they would offer me a record deal.

27.) Also that year in 2006, the assistant for Ahmet Ertegun, i.e. Francis Chantley

called my number and told me that Atlantic Records decided that they would "pass" on my demo CD and encouraged me to sign a record dael with an indie or independent record label d/b/a Ten Karat Gold Productions (TKG Production) of Owings Mills, Maryland in which the plaintiff had also been offered a strange deal from a song-poetry label in 2005 d/b/a Hilltop Records of Hollywood and Vine in Hollywood.

28.) Accordingly, the plaintiff signed a record deal with Stanley Frank of Ten Karat Gold Produdctions (TKG) and Parris Foster of Tuff-Stuff Recording and the plaintiff was introduced to Stanley Frank by a second person named "Paris" whom the plaintiff was introduced to by Kerry Moore-Purnell whom the plaintiff first learned about from the Maryland Film Office under the Maryland Department of Business and Economic Development (now the Department of Commerce) and who also worked in the office of Richard Shaw in Hanover, Maryland.

29.) Strangely enough, Richard Shaw passed away in 2006 in office in Hanover, Maryland in a homicide investigation that was conducted by Detective Hartsell of Anne Arundel Criminal Investigative Division (CID) and Ahmet Ertegun also passed away from a "freak accident" in 2006.

30.) Although the plaintiff's communications with Ahmet Ertegun of Atlantic Records have little or nothing to do with Sean "P. Diddy" Combs and Bad Boy Entertainment, the plaintiff argues that he still has standing, causation, and redressability to file a lawsuit against both Sean "P. Diddy" Combs and Bad Boy Entertainment because both Sean "P. Diddy" Combs and Bad Boy Entertainment are in "privity of contract" with Atlantic Records and Julie Greenwald and the plaintiff has had previous litigation against both Atlantic Records in Rhode Island (represented by attorney William Haddad and RIAA as trade organization) and Warner Music Group (WMG) in Nashville, Tennessee presided over by Judge Aleta Trauger.

## V.) COUNT ONE: PUBLIC NUISANCE

26.) After the lawsuit filed by Cassandra Ventura, the plaintiff argues that Sean "P. Diddy" Combs has become a public nuisance.

27.) To clarify, Sean "P. Diddy" Combs has already lost his endorsements with Macy's distributing the Sean John brand and could perhaps lose his contract with Ciroc vodka.

28.) As such, the plaintiff argues that P. Diddy's billboards for Ciroc on the streets an highways are an "eye sore" and public nuisance given his newfound status as a sexual predator who has committed the crimes of pimping and pandering, human trafficking, kidnapping, false imprisonment, and white slavery of a Latina woman in North Carolina according to the hearsay testimony of his bodyguard Gene Deal who should be placed in the witness protection program.

## VI.) COUNT TWO: TORTIOUS INTERFERENCE WITH BUSINESS RELATIONS

28.) The plaintiff argues that all three defendants have committed the tortious interference with business relations by continuing to enable a sexual predator such as Sean "P. Diddy" Combs to conduct business in places of public accommodation such as billboards on highways and streets all throughout the country on billboards owned by companies such as Lamar, Viacom, and Clear Channel Outdoor.

29.) Accordingly, the plaintiff argues that it might be appropriate to file a motion for a joinder of a necessary and indispensable party pursuant to Rule 19 of Federal Rules of Civil Procedure (FRCP) because both Cassandra Ventura and Al B. Sure! And Christopher Williams might have substantially similar claims of the tortious interference with business relations.

## VII.) COUNT THREE: PRODUCTS LIABILITY AS DESIGN DEFECT OR MANUFACTURING DEFECT

29.) The plaintiff argues that all three defendants have committed the products liability torts of design defect and/or manufacturing defect through strict liability and/or negligence by the negligent entrustment of allowing Sean "P. Diddy" Combs to represent Ciroc vodka and Sean John at department stores like Macy's.

30.) Pursuant to the laws of agency and partnership, the second and third defendants should be held vicariously liable through the doctrine of respondeat superior because Atlantic Records provides distribution to Bad Boy Entertainment in which Sean "P. Diddy" Combs is the president and CEO and perhaps on both the board of directors and a shareholder.

31.) Although the plaintiff is neither a shareholder of Bad Boy Entertainment or Atlantic Records who can bring a shareholder derivative action or for violation of the Business Judgment Rule or Corporate Opportunity Doctrine, the plaintiff argues that he still has standing, causation, and redressability to bring this lawsuit given that he is a consumer of music and music videos and he often operates a motor vehicle on highways in which he sees the annoying billboards of the first plaintiff for Ciroc vodka which encourages drunk driving and violates public policy concerns of Mothers Against Drunk Driving (MADD) and anybody such as myself who agrees with their objectives.

## VI.) PRAYER FOR RELIEF

WHEREFORE, the plaintiffs are seeking punitive, compensatory, and treble damages in the amount of $45 million against the three defendants, i.e. Sean "P. Diddy" Combs, Bad Boy Entertainment, and Atlantic Records. In asserting this "prayer for relief," the plaintiff states, avers, and alleges the following:

A.) This proposed judgment in the amount of $45,000,000 would be considered to be punitive, compensatory, and treble damages for the torts of public nuisance, tortious interference with business relations, and products liability.

B.) Pursuant to the Erie Doctrine, the plaintiff argues that both federal and state courts have concurrent jurisdiction for the state law tort claims subject to the Federal Tort Claims Act (FTCA).

C.) Accordingly, the plaintiff also has standing, causation, and redressability to bring this lawsuit as a concerned American who wants to prevent an Al Capone or Pablo Escobar-like figure from having ant influence over the music business or recording artists such as Cassie, Christopher Williams, Al B. Sure!, and Kim Porter.

D.) Finally, the plaintiff is requesting the equitable remedy of an injunction mandating that the second defendant Bad Boy Entertainment file for involuntary bankruptcy and establish a receivership for creditors and/or equity-holders who own notes, debentures, and/or bonds as debt securities or common, preferred, and/or treasury stock as equity securities.

Respectfully submitted,

Ronald Satish Emrit

6655 38th Lane East

Sarasota, Florida 34243

(703)936-3043

einsteinrockstar@hotmail.com